# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 19, 2013

Lyle W. Cayce
Clerk

No. 12-51029
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EDUARDO LUNA-MORALES, also known as Eduardo Rico-Luna, also known
as Eduardo Luna,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:12-CR-1435-1

Before REAVLEY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Eduardo Luna-Morales appeals the 24-month sentence imposed after he
pleaded guilty to illegally reentering the United States after deportation. He
contends that the sentence is greater than necessary to satisfy the sentencing
factors of 18 U.S.C. § 3553(a), partly because the Sentencing Guidelines for
illegal reentry are not empirically based and partly because the district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

gave inadequate consideration to his personal circumstances and motive for reentry.

The sentence is reviewed for reasonableness under an abuse-of-discretion standard. *See Gall v. United States*, 552 U.S. 38, 46 (2007); *Rita v. United States*, 551 U.S. 338, 351 (2007). Because the guidelines range was properly calculated, Luna-Morales's sentence at the bottom of that range is presumed reasonable. *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).

Luna-Morales essentially asks us to substitute his assessment of the relevant sentencing factors for the district court's well-reasoned assessment, which is contrary to the deferential review dictated by *Gall* and *Rita*. Luna-Morales concedes that his challenge to Guideline § 2L1.2 as lacking an empirical basis is foreclosed by our precedent; he presents this issue only to preserve it for possible further review. The judgment of the district court is AFFIRMED.